IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**GURWINDER BAINS**                                                                **PLAINTIFF**

V.                          **CASE NO. 3:09CV00208JMM**

**CITY OF WEST MEMPHIS, ARKANSAS;
MAYOR WILLIAM H. JOHNSON, Individually
And in his Official Capacity; ROBERT PAUDERT,
Individually and in his Official Capacity as Chief
Of Police; ERIC SAMMIS, Individually and in his
Official Capacity; BRYON GARDNER, Individually
And in his Official Capacity; BAILEY PHILLIPS,
Individually and in his Official Capacity; RICHARD
DENNIS, Individually and in his Official Capacity;
And ROBERT LANGSTON, Individually and in
His Official Capacity**                                  **DEFENDANTS**



## AGREED PROTECTIVE ORDER

Plaintiff has requested discovery of records containing sensitive personal information. In order to permit Plaintiff adequate access to the records necessary to completely present this case herein, and, at the same time to address privacy concerns, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Plaintiff has made discovery requests for copies of the personnel files upon Robert Paudert, Eric Sammis, Bryon Gardner, Bailey Phillips, Richard Dennis and Robert Langston (Personal information such as addresses and social security numbers will be redacted). In addition, Plaintiff has requested all complaints and internal affairs documents regarding Robert Paudert, Eric Sammis, Bryon Gardner, Bailey Phillips, Richard Dennis and Robert Langston. The parties have agreed that due to the private and sensitive nature of these documents, a protective order should be entered before these documents are provided to Plaintiff.

2. Any documents produced in response to discovery requests as provided in Paragraph 1 above shall be considered confidential;

3. All confidential records or other information provided hereunder shall be used for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever without a new request for the material. Moreover, neither Plaintiff, Defendants, or their counsel may utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative complaint, proceeding, or civil action without a new request;

4. All confidential records, documents, tapes, or other information provided hereunder shall be retained in the custody of the Plaintiff's or Defendants' counsel including their paralegal, secretarial staff, and/or other staff members, during the pendency of this litigation. Plaintiff's and Defendants' counsel may also provide copies of such confidential records, documents or other information to any expert witness[es] retained by the Plaintiff or Defendant or persons frequently employed by such expert[s] whose review of the material is necessary for the Plaintiff's and Defendants' prosecution in this litigation;

5. If confidential documents or records are used during depositions, the depositions shall be treated as confidential in accordance with this Order;

6. Any document, information or deposition designated as confidential under this Order shall, when filed with the Court, be clearly marked confidential, sealed, placed in separate, secure storage by the Clerk, and opened only by authorized Court personnel;

7. Plaintiff, Defendants, their respective counsel and their staff and the retained expert witness/witnesses shall not in any manner, directly transfer confidential records,

documents or other information provided hereunder or copies thereof, or communicate, orally or in writing, any of the data contained in said material to any person;

8. Plaintiff's counsel, and Defendants' counsel promptly upon completion of this litigation, or before if at such time they have no further use of the confidential information, whichever shall first occur, shall return to the Defendant and Plaintiff all materials produced, and all copies and extracts of data from such materials;

9. This Protective Order shall govern all pre-trial proceedings, but shall be subject to modification either before, during or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown;

10. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate Order of this Court; and

11. This Order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Arkansas Rules of Civil Procedure, or by any statute or other authority.

IT IS SO ORDERED THIS 31st DAY OF August, 2010.

_____
Honorable James M. Moody
United States District Court

Approved:

By: /s/ Robert L. Beard
    Robert L. Beard, AR Bar No. 2002109
    Attorney for Defendants
    Post Office Box 38
    North Little Rock, AR 72115
    Telephone: 501-978-6119

And

By: /s/ Bart Ziegenhorn
    Bart Ziegenhorn, AR Bar No. 93140
    Attorney for Plaintiff
    Stephenson, Ziegenhorn & Benard
    106 Dover Ste B
    West Memphis, AR 72301
    Telephone: 870-732-9100